UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. )    No. 3:12-CR-171
)
STEVEN MARSHALL FOUT )

## MEMORANDUM AND ORDER

The Court is in receipt of defendant's *pro se* letter motion with supporting documentation in which he complains about the length of his sentence and the way it was determined, the denial of his direct appeal, and the conditions of his confinement [Doc. 54]. The defendant requests "a different sentence" or "a reduction." However, defendant cites no statutory authority or other basis on which such relief could be granted.

A district court does not have the inherent authority to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). As to the present motion, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here. Even if the Court were to construe defendant's motion as a § 2255 petition, it appears that such a request would be foreclosed by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1). Rule 35 is also inapplicable as to the present motion,

as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Defendant's motion identifies no clerical errors or oversight to be remedied, only his dissatisfaction with the length of his sentence.

In sum, the defendant has identified no jurisdictional basis by which the Court can grant the relief requested. Accordingly, defendant's motion [Doc. 54] is **DENIED**.

IT IS SO ORDERED.

      s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE